## Ingraham, Appellant, *v.* Schaum & Uhlinger.

*Contract—Patents—Royalties—Affidavit of defence.*

Where a person has agreed to pay royalties on all sales that he may make of an unpatented device, he cannot allege as a defence, in an action for the royalties, that, after the agreement was entered into, a patent for the device was refused by the patent office.

Argued March 27, 1893. Appeal, No. 262, Jan. T., 1893, by plaintiff, Edward Ingraham, from order of C. P. No. 2, Phila. Co., March T., 1892, No. 331, discharging rule for judgment for want of sufficient affidavit of defence. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell and Dean, JJ.

Assumpsit for royalties on sale of unpatented device.

From plaintiff's statement it appeared that on Feb. 16, 1891, plaintiff granted to defendants by an instrument in writing the right to build his " patent witch motion " at a royalty of five dollars per machine.   The right was given for one year with the privilege of renewal.   At the date of the contract plaintiff had applied for letters patent on the witch motion, and the agreement provided that when the patent was issued, that another agreement should be entered into embodying in detail the matters mentioned in the first agreement, and stating the date and number of the patent.   During the year defendants made and sold 375 machines, the royalties on which amounted to $1,880.   Of this amount $490 were paid on account.

The affidavit of defence averred :

" At and before the signing of the said contract, he, the said plaintiff, represented to the defendants that he was the first, true and only original inventor of a certain device, the construction of which he explained to deponent, and which is known as a witch motion, and for which he stated he had made or was about to make application for letters patent of the United States. Relying upon these representations of the plaintiff that the said device was new and would be patented by him, and in consideration of its patentability, the defendants entered into the said contract.   Since then the defendants have built and sold a number of machines containing a witch motion as aforesaid.   Have paid the plaintiff the sum of $490 on account of royalties, and are ready and willing to pay any balance that may be due him on that account, when he shows he has the right to claim and receive the same in accordance with his contract and as the owner of the patented or patentable device.   But the defendants have been informed since the signing of said contract, and believe and expect to be able to prove it at the trial of this case, that, notwithstanding the representations of said plaintiff at and before its execution and referred to therein, there was nothing new or patentable in plaintiff's device as aforesaid ; that he cannot obtain a patent therefor; that his application for letters patent for the same had been refused, all of which he has wrongfully concealed from said defendants, and that therefore the entire consideration for the agreement of said defendants to pay any royalty or for the money paid on account has failed.   The deponent further says that the items in the plaintiff's expense

account, referring to the Augusta Exhibition, amounting to $59.05 were contracted without authority from the defendants and without their knowledge.

" The deponent further says that as the defendants have paid plaintiff the sum of $490 (not $450, as alleged by him) on account, and in consideration of his representations and without knowledge on their part at the time of payment that there was a want of novelty or patentability in his said device, or that the granting of letters patent for the same had been refused, that, therefore, he cannot recover the sum of $105.85 claimed by him for the expenses, or any part thereof, but on the contrary, the said plaintiff is indebted to the defendants on this account of the sum of $490 for which they shall ask (less the expenses due him) for a verdict in this case."

Rule for judgment discharged.  Plaintiff appealed.

*Error assigned* was above order.

*William Henry Peace,* for appellant, cited : Angier v. Eaton, Cole & Burnham Co., 98 Pa. 594 ; Hardwick v. Caves, 1 Dist. R. 137 ; Bellas v. Hays, 5 S. & R. 427 ; White v. Lee, 14 Fed. R. 789 ; Kinsman v. Parkhurst, 18 How. 289 ; Rogers v. Riessner, 30 Fed. R. 525 ; Marston v. Swett, 66 N. Y. 206 ; 82 N. Y. 526.

*G. Heide Norris,* for appellees, cited : Jenkins v. Abbotts, 54 N. H. 447 ; Iron Works v. Newhall, 34 Conn. 67; Smith v. Hightower, 76 Ga. 629 ; Harlow v. Putnam, 124 Mass. 553 ; 3 Robinson on Patents, § 915 ; Marston v. Swett, 82 N. Y. 526 ; Pope Mfg. Co. v. Owsley, 27 Fed. R. 100.

OPINION BY MR. JUSTICE McCOLLUM, October 2, 1893 :

Edward Ingraham, appellant, entered into a written agreement with Schaum & Uhlinger, appellees, by which he granted to them for one year the right to build and attach, to certain machines they were to construct, his " patent witch motion," for a royalty of five dollars on each, to be paid to him quarterly, for such machines as they had then sold.  It was stipulated therein that if they built, and supplied the demand for, good and satisfactory machines, they should have the privilege of

renewing the agreement. The right thus granted to the appellees expired February 16, 1892, and they have not exercised their privilege of renewal. The royalties on the machines manufactured and sold by them during the year amounted to the sum of $1,880, on account of which they have paid $490. The appellees refuse to pay the balance on the ground that the appellant represented to them that he was the first and sole inventor of the device known as the "patent witch motion," for which he had applied or was about to apply for letters patent; that they had been informed and they believe and expect to be able to prove that there is nothing new or patentable in said device, and further that his application for a patent has been rejected. They admit that the appellant explained to them the construction of the witch motion. They do not deny that he is the first and sole inventor of it, nor that they made and sold 376 machines to which they attached it. It is obvious that the only defence the appellees have to the royalties claimed by the appellant, is the alleged refusal of his application for a patent, and that they draw from this the conclusion that "there was nothing new or patentable in his device." They do not allege that any of the machines on which royalties are claimed were made after such refusal, nor inform us whether it was during or after the expiration of the term named in the agreement. They do not aver that in their manufacture and sale of machines containing the witch motion there was an infringement on the rights of another, nor that in consequence of the failure to obtain letters patent for it they have ceased to make and sell such machines. They do not pretend that they have sustained any damage or incurred any liability by reason of such failure, nor do they show that they were induced to enter into the agreement by any false or fraudulent representations made by the other party to it. They knew that it was an unpatented device on which they were to pay royalties and that their liability to pay them was not contingent on the result of the application for a patent. We have then the case of parties, who, having used and made profits from an unpatented device, under their agreement with the inventor of it, refuse to pay him the royalties therein stipulated for, on the sole ground that he failed to secure a patent for his invention. The consideration of their agreement to pay

the royalties was the right granted to them, and this right they have exercised and enjoyed without molestation or threat of interference from any quarter, and as fully and exclusively as they could have done if a patent had been obtained.  It may be fairly assumed, as it is not denied, that the witch motion, although not patented, is a useful device, and that the price for which they sold the machines containing it included the royalty they had agreed to pay.  This witch motion, whether patentable or not, was devised by the appellant, and the appellees acquired from him, in consideration of their agreement to pay the stipulated royalty, the right to build it, together with the knowledge that enabled them to do so.  As they do not deny that they have exercised the right and used the knowledge so obtained with as much profit to themselves as they would have secured if the patent had been granted, nor allege that they have sustained loss or incurred liability by the refusal of it, their claim to be released from their promise to pay royalties is against equity and good conscience as well as in conflict with the plain provisions of their contract.  It seems to us therefore that they have failed to state, in their affidavit, a defence to this branch of the appellant's claim.

The affidavit contains a good defence to $59.05 of the account for expenses; but no defence to the balance of such account.  As the record now stands the appellant appears to be entitled to judgment for $1,436.30, with interest thereon from Feb. 16, 1892.

The judgment is reversed, and it is ordered that the record be remitted to the court below, with instructions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown why such judgment should not be entered.